# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

ANTONIO L. DOTSON
ADC#149465                                                    PETITIONER


VS.                          4:11CV00012 DPM/JTR


CHARLES HOLIDAY, Sheriff,
Pulaski County Regional Detention Facility;
RAY HOBBS, Director,
Arkansas Department of Correction                             RESPONDENTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room 149
> Little Rock, AR 72201-3325

## I. Background

On January 3, 2011, Petitioner, Antonio Dotson ("Dotson"), initiated this § 2254 habeas action. He has now filed two motions requesting that this action be

stayed, or alternatively, dismissed without prejudice. (Docket entries #20 and #24). In order to place these motions in context, it is necessary to understand the lengthy procedural history of this case.

On February 7, 2000, Dotson was charged, in Pulaski County Circuit Court, with two counts of possession of a controlled substance, with intent to deliver, and one count of possession of drug paraphernalia (Docket entry #23-5). On February 14, 2000, a bench warrant was issued for his arrest. (Docket entry #23-6). On February 18, 2000, he was arrested by the Pulaski County Sheriff. (Docket entry #23-6).

On April 3, 2000, Dotson was released on an OR bond (docket entry #23-7), which imposed various conditions of release. (Docket entry #23-8). His trial was set for June 26, 2000.

On May 10, 2000, Dotson wrote a *pro se* letter to Pulaksi County Circuit Judge John Langston stating that he was "incarcerated," on unrelated charges, in the Monroe County Jail in Rochester, New York. (Docket entry #23-9). He requested that his trial be continued until November. *Id.* On May 16, 2000, Judge Langston's chambers wrote a letter to Dotson's appointed public defender in Pulaski County and provided him with a copy of Dotson's May 10, 2000 letter for "whatever action you deem appropriate." (Docket entry #23-10).

On June 26, 2000, Dotson's attorney appeared for trial in Pulaski County

3

Circuit Court and advised Judge Langston that Dotson was "in jail" in New York.

(Docket entry #23-11). The same day, a failure to appear warrant was issued for

Defendant's arrest.[1]

Some time in 2009, Dotson was arrested by authorities in Tennessee. On

December 22, 2009, he appeared in municipal court in Millington, Tennessee and

executed a waiver of formal extradition to Arkansas. (Docket entries #23-13 and #23-

14). On December 23, 2009, he was taken into custody by the Pulaski County Sheriff.

(Docket entry #23-12).

On March 15, 2010, Dotson moved to dismiss the criminal charges pending in

---

[1]The documents in the record strongly suggest that Dotson, in fact, could have appeared for trial in Pulaski County Circuit Court on June 26, 2000.   In a postconviction motion he would later file in state court, Dotson admitted that he was released from the custody of New York authorities on June 16, 2000, ten days *before* his scheduled trial in Arkansas. (Docket entry #23-17 at ¶8).

In an August 26, 2011 Order, entered in Dotson's state postconviction proceeding, Pulaski County Circuit Judge Herbert T. Wright, Jr. references a New York "certificate of incarceration" documenting that Dotson was in fact released from New York custody on June 16, 2000. *See* August 26, 2011 Order in *State v. Dotson*, Pul. Co. Cir. Ct. No. CR2000-336, available online at:
https://docsdms.pulaskiclerk.com/DocsDMS/default.aspx/?A=/ck_image.present?DMS_ID=60100030757053.

Thus, it appears defense counsel was mistaken when he stated to the trial court court, on June 26, 2000, that Dotson was "in jail" in New York. Accordingly, the Pulaski County Circuit Court properly issued a failure to appear warrant for Dotson on June 26, 2000.  *See* online docket available at:
https://arep2.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dkt_rpt_frames?backto=P&case_id=60CR-00-363&begin_date=&end_date=.

Pulaski County based on the speedy trial provision of Rule 28 of the Arkansas Rules of Criminal Procedure. (Docket entry #23-15). On June 30, 2010, the trial court denied the motion.

Dotson then filed a Petition for Writ of Prohibition with the Arkansas Supreme Court. (Docket entry #23-17). On August 10, 2010, the Arkansas Supreme Court issued a Formal Order stating that the "[p]etition for writ of prohibition is denied without prejudice." (Docket entry #23-18).

On January 3, 2011, Dotson initiated this § 2254 habeas action against his custodian at that time, Pulaski County Sheriff Charles Holiday. (Docket entry #1). In his Petition, he alleges that he is being unconstitutionally detained at the Pulaski County Regional Detention Facility on an untried state information. According to Dotson, his May 10, 2000 *pro se* letter to Judge Langston constituted a demand to be tried on the pending Arkansas charges, but the prosecutor subsequently failed to extradite and try him on a timely basis. He asserts that this violated his rights under the "Uniform Mandatory Disposition Act,"[2] Rule 28.1 of the Arkansas Rules of Criminal Procedure, and "his constitutional rights under [the] 4[th], 5[th], 6[th], and 14[th] Amendments of the U.S. Constitution." (Docket entry #1).

---

[2]It appears this may be a reference to the Interstate Agreement on Detainers ("IAD").

On January 19, 2011, Dotson entered a guilty plea in Pulaski County Circuit Court to one count of possession of marijuana with intent to deliver, and a reduced charge of possession of cocaine. (Docket entry #23-2). On February 2, 2011, he received an aggregate sentence of 120 months in the ADC. (Docket entry #23-3).[3]

On April 21, 2011, the Court entered an Order allowing Dotson to amend his Petition to add Ray Hobbs, the Director of the ADC, as a Respondent.[4] (Docket entry #17).

On May 10, 2011, Dotson filed a timely *pro se* Rule 37 Petition in Pulaski County Circuit Court arguing that he was provided ineffective assistance of counsel because his lawyer failed: (1) to move for dismissal of the case under the Interstate Agreement on Detainers Act ("IAD"); (2) to request "reconsideration" of the Arkansas Supreme Court's August 10, 2010 Formal Order denying, without prejudice, his Writ of Prohibition; and (3) to adopt any of his *pro se* motions. *See* Ex. A attached hereto. On April 27, 2011, an evidentiary hearing was held, and, on

---

[3]Dotson's Judgment and Commitment Order erroneously states that he entered his guilty plea on February 25, 2010. (Docket entry #23-3 at 1).

[4]Because Dotson is now in the custody of the Arkansas Department of Correction, Respondent Holiday is no longer a proper party in this action. *See* Rule 2(a) of the Rules Governing Section 2254 cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody").

August 26, 2011, the trial court entered an Order denying Rule 37 relief. *See* Ex. B. attached hereto. On September 19, 2011, Dotson filed a timely Notice of Appeal. *See* Ex. C. attached hereto.

Dotson has now filed two motions with this Court which request it to either stay this habeas action so that he can exhaust his Rule 37 claims in state court, (docket entry #20), or allow him to voluntary dismiss this action, without prejudice, so that he can exhaust his claims. (Docket entries #24 and #27). Respondent Hobbs objects to both motions. (Docket entry #25).

For the reasons discussed below, the Court recommends that Dotson's Motion to Stay be denied, and that his Motion to Dismiss be granted.

## II. Discussion

The United State Supreme Court has held that, under the AEDPA, a district court has discretion to stay and abey a "mixed" habeas petition containing both exhausted and unexhausted claims while a petitioner returns to state court to exhaust his unexhausted claims.  In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court held that habeas petitions should be stayed, rather than dismissed, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

7

This case does *not* present a mixed habeas petition of exhausted and unexhausted claims.  In order for a state prisoner to exhaust a habeas claim, he must "afford[] the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *See Krimmel v. Hopkins*, 56 F.3d 873, 875–76 (8th Cir.1995). Importantly, Dotson has never exhausted any of his claims by presenting them to the Arkansas Supreme Court or the Arkansas Court of Appeals.[5] Because this case does not present a "mixed" petition of exhausted and unexhausted claims, the Court recommends that his Motion to Stay (docket entry #20) be denied.

The only arguably cognizable habeas claims that Dotson has presented in state court are the ineffective assistance of counsel claims he has raised in his Rule 37 action. It appears that he has timely asserted those claims in the trial court, and he has filed a timely notice of appeal. Assuming that he can perfect his appeal, by timely lodging the record in the Arkansas Supreme Court, he can still exhaust his ineffective assistance of counsel claims in state court.

---

[5]Although Dotson pursued a *state law* speedy trial claim in a Writ of Prohibition to the Arkansas Supreme Court, it was denied, without prejudice. Even if this somehow could be construed to state a cognizable federal habeas claim, he unequivocally waived that claim by subsequently pleading guilty. *See Eckl v. State*, 312 Ark. 544, 546, 851 S.W.2d 428, 429 ("It is clear that the right to a speedy trial is waived by a guilty plea"). In order for him to have exhausted that claim, he would have had to proceed to trial, be convicted, and then assert his speedy trial claim on direct appeal.

Thus, the Court concludes that Dotson's Motion to Voluntarily Dismiss should be granted pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[6]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner's Motion to Stay (docket entry #20) be DENIED.  IT IS FURTHER RECOMMENDED THAT Petitioner's Motion to Dismiss (docket entry #24) be GRANTED, and that this action be DISMISSED, WITHOUT PREJUDICE.

Dated this 17th day of October, 2011.

_____

UNITED STATES MAGISTRATE JUDGE

---

[6]In the event that Dotson does not prevail in his Rule 37 appeal, he should promptly refile this habeas action against Respondent Hobbs and assert those now exhausted habeas claims.

FILED 05/10/11 06:53:23
Larry Crane Pulaski Circuit Clerk
LFO

C-800-18

**IN THE CIRCUIT COURT OF** _Pulaski_ **COUNTY,
ARKANSAS**

_4 th_ **DIVISION**

**STATE OF ARKANSAS            PLAINTIFF/RESPONDENT**

**VS.**                              **CASE NO.** _2000-363_

_Antonio Dotson_ **DEFENDANT/PETITIONER**

## RULE 37 PETITION

This is an application for post-conviction relief filed by your petitioner, the above-named defendant, a prisoner, claiming a right to be released, or to have a new trial, or to have the original sentence modified.

1.    That this petition is the proper remedy to present your petitioner's grounds for relief, and this court has jurisdiction over the parties hereto and the subject-matter herein.

2.    That the jurisdiction of this Court is invoked pursuant to the provisions of Rule 37, ARCrP, this being pursuant to Rule 37.1, a petition authorized by law for post-conviction proceedings and relief.

3.    That your petitioner is a prisoner in custody of the Arkansas Department of Correction under sentence of this Court for the term of _10_ years imprisonment, date of commitment being _2/15_, 20 _11_,

_A_

60CR-00-363      601-60100026128-031
STATE V ANTONIO LYNN DOTSON 11 Pages
PULASKI CO      05/10/2011 06:53 AM
CIRCUIT COURT              FI78A

having been convicted of the felony offense of
_PCS /Cocaine and Man, Delv, Poss of Marijuana_
__ in violation of Ark. Code Ann. _56 440 11 F C/ 56 440 15 FB_

4. That this Court's judgment of conviction, and sentence entered and executed, was pursuant to a trial/plea.

5. That the sentence, under which your petitioner is presently confined, was imposed in violation of the Constitution and laws of the United States or the State of Arkansas or is otherwise subject to collateral attack.

6. That your petitioner's application for relief here is filed in the Court in a timely fashion under ARCrP Rule 37.2. That this application has been filed within 90 days of entry of judgment or within 60 days of the date the mandate was issued in my appeal. [If not timely, state below the reasons this application is filed late.] _____

_____

_____

_____

_____

_____

7. That your petitioner did/~~did not~~ (mark out the incorrect response) appeal his case to the Supreme Court or ~~Court of Appeals~~.

8. That your petitioner has filed no previous application or petition in the court under Rule 37, and this application herein is an original one.

9.     That none of the grounds set out herein were finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or in any other proceedings.

10.     That this application for post-conviction relief is brought on your petitioner's own volition, without inducement, promise or persuasion of any person; that your petitioner is fully aware that this court may dismiss this application for relief, set aside the original judgment, discharge the petitioner, resentence your petitioner, grant a new trial, or otherwise correct the sentence as may appear appropriate in these proceedings; that your petitioner fully realizes that in the event of a retrial, there is a real and substantial risk of your petitioner receiving a more severe sentence than was entered in the prior proceedings which resulted in the sentence your petitioner is now under; that your petitioner fully understands that any abuse herein by use of false statements may subject your petitioner to prosecution for penalties of perjury.

11.     That your petitioner, being without funds, is unable to pay the costs of these proceedings or to employ counsel.  Petitioner requests that he be allowed to proceed in forma pauperis.  (Attached is Affidavit In Support of Request to Proceed In Forma Pauperis.)

12.     That your petitioner requests that he be furnished a copy, or use of, the complete records, files, docket sheets, and transcript relating to the charges and proceedings which resulted in your petitioner's conviction and sentence, to enable your petitioner to further prepare and amend herein for post-conviction relief.

13.    That your petitioner requests the Court to enact an evidentiary hearing and order the presence of your petitioner at such hearing.

14.    ~~That your petitioner requests the Court pursuant to Rule 37.2(b), ARCrPacar for an evidentiary hearing in the Court for a trial on the Supreme Court on that your petitioner is unable to pay the cost of the process as set forward~~ *Petitioner wishes to proceed pro se.*

15.    That your petitioner requests that if your petitioner's motion herein be denied and dismissed on the claim for post-conviction relief, it be without prejudice to your petitioner to file a subsequent claim for post-conviction relief under Rule 37.

16.    That your petitioner respectfully requests the court to promptly mail a copy of any Order or ruling made herein to your petitioner pursuant to Rule 37.3(d), ARCrP.

17.    That your petitioner was denied the effective assistance of counsel for the following reasons:  (SUPPORTING FACTS: Tell the court your story; do not cite cases; do not argue; specifically, identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.)

*Ineffective assistance of counsel came at the hands of not one, but two paid attorneys. James Clouette and Jack Kearney both neglected to raise the issue of the detainer act. James Clouette abandoned any efforts in a motion of reconsideration to the Arkansas Supreme Court, by not filing in the 18 day allowed for reconsideration.*

*Jack Kearney Never adopted or presented any motions in my defense. Jack Kearney refused to raise the speedy trial defense, nor would he adopt the Motion in reference to the diversity of citizenship (The UMDDA) Uniform Mandatory Disposition of Detainer Acts. Nor did Mr. Kearney ever present Motions to the court that he filed.*

18.     Other specified grounds for relief which defendant submits to the Court are as follows:  (Commonly used grounds are that the conviction was obtained through use of, or violation of (A) Coerced confession, (B) Evidence pursuant to unconstitutional search and seizure, (C) Evidence pursuant to an unlawful arrest, (D) Privilege against self-incrimination,  (E) Prosecutorial misconduct, (F) Double jeopardy. (G) Denial of jury trial, (H) Denial of fair and impartial trial, (I) Death-Qualified trial, (J) Actual or Constructive denial of counsel,

(K) Denial of speedy trial, (L) Denial of Due Process of Law, (M) Denial of the right of appeal, (N) Mental incompetence. [For each ground you select, tell your story; do not argue; do not cite cases; relate the specific facts.] )

GROUND ONE:   *Defendant should never been tried under Arkansas Speedy Trial Rules.*

5

(Identify)

The defendant claims a diversity of citizenship because he was extadited on a detainer, and should have been tried under the UMDDA or the Act.

(Attach additional page(s) if necessary, however, petition cannot exceed 10 pages in length.)

GROUND TWO: Due Process and Equal Protection of the Law.

(Identify)

By virtue of the U.S. Constitution, the petitioner rights were violated with an illegal sentence imposed by the Circuit court.

GROUND THREE: Denial of The Right to Appeal.

(Identify)

6

Petitioner states that the Arkansas Supreme Court refused and denied him access to the courts' by not supplying a written finding of facts in support of their denial of the Writ of Prohibition. There was no name on the order of denial, or finding of facts in support of a denial.

WHEREFORE, Petitioner respectfully requests:

(A.)   That this Court declare Petitioner's sentence and conviction void.

(B.)   That this Court grant an evidentiary hearing, ~~appoint Counsel and~~ ~~represent~~, and order the presence of your petitioner.

(C.)   That this Court grant your petitioner a new trial and any and all relief the Court deems just and proper.

Respectfully submitted,

_____
Petitioner, pro se
ADC # H9465
Pulaski County Jail Unit
AR Dept. of Correction
Little Rock, AR 72204

7

STATE OF ARKANSAS

COUNTY OF _Pulaski_

### <u>VERIFICATION</u>

I, _Antonio Dotson_, the petitioner herein, and in
support of my Rule 37 Petition, after first being duly sworn, do hereby swear that
the statements, matters, and things contained in my Rule 37 Petition are a true and
accurate account to the best of my knowledge, information, and belief and for the
purposes herein stated, set forth, and contained.

Petitioner, pro se
ADC # _149465 or_
_(16482-09)_

STATE OF ARKANSAS        )

COUNTY OF _Pulaski_      ) SS
                         )

28  SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this
28  day of _APRIL_ , 20 _11_ .

(SEAL)

OFFICIAL SEAL - #12377352
**DIANE GREEN**
NOTARY PUBLIC-ARKANSAS
PULASKI COUNTY
MY COMMISSION EXPIRES: 06-23-20

NOTARY PUBLIC

My Commission Expires: _06/23/20_

8

## CERTIFICATE OF SERVICE

I, _Antonio Dotson_ , petitioner herein, do certify that a copy of this petition has been served this _28th_ day of _April_ , 20 _11_ , to _Larry Jegley_ , Prosecuting Attorney, _Pulaski and Perry_ County, AR _72201_ , by placing same in the U.S. Mail with sufficient postage affixed to ensure delivery.

_Antonio Dotson_

ADC # _149465_ , pro se

or (16482-09)

(Attach "Motion for Transcript for Rule 37 Proceedings.")

## CERTIFICATE OF SERVICE

I, Antonio Dotson, do here by request that the clerk of the courts serve a copy of this petition upon the circuit court of the 4th Division, and the office of the Prosecutor, Larry Jegley. In that I am confined and without funds to send extra copies.

Respectfully Submitted

Antonio Dotson
(16482-09) Pro-Se

A. DOTSON (16482-09) or (149465)
3201 W. Roosevelt
Little Rock, Ar. 72204

Post due

FOREVER
USA
FIRST-CLASS
PPS-72

[ File Mark Copy ]
[ REQUESTED ]

PULASKI COUNTY REGIONAL
DETENTION FACILITY
LITTLE ROCK, AR. 72201

Larry Crane (Court Clerk)
401 W. Markham Suite 440
Little Rock, Ar. 72201

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

FOURTH DIVISION

STATE OF ARKANSAS                                                     PLAINTIFF

VS.                                      CR 2000-363

ANTONIO LYNN DOTSON                                                   DEFENDANT

FILED 08/26/11 11:42:30
Larry Crane Pulaski Circuit Clerk
CR01

## O R D E R

Comes now for consideration the defendant's Rule 37 Petition and based upon a review

of the files and records of the case and the defendant's pleading, the Court DOTH FIND:

The defendant entered a negotiated plea of guilty on January 19, 2011, to a reduced

charge of possession of cocaine and possession of marijuana with intent to deliver, and a char

of possession of drug paraphernalia was nolle prosequi by the State.  In accordance with his

plea bargain, he was sentenced to ten years imprisonment and given credit for four hundred

seventy-nine days served.  The judgment and commitment order was entered February 11,

2011.  The instant petition was timely filed.

The defendant alleges his trial counsel were ineffective for the following:

1. Failing to argue that Interstate Agreement on Detainers Act, codified at A.C.A. Sec.

16-95-101, et seq., was violated, thereby barring his prosecution.  A hearing was held April 27,

2010, on the defendant's Motion to Dismiss for speedy trial violation. At that hearing, defense

counsel argued that speedy trial should have been running from the date the defendant sent a

letter to the Court requesting a continuance from the trial setting of June 26, 2000, to sometime

in November of that year due to his incarceration in New York, on unrelated charges.  Defense

counsel also argued that upon receiving notice of the defendant's incarceration, the State was

60CR-00-363 STATE V ANTONIO LYNN DOTSON  PULASKI CO  CIRCUIT COURT
601-60100030757-053  4 Pages  08/26/2011 11:42 AM  0R03


B

required to place a detainer on the defendant with New York authorities. No detainer was

placed on the defendant. The State introduced as State's Exhibit 1, a certificate of incarceration

from New York reflecting that the defendant had been released from custody on June 16, 2000,

ten days before his scheduled trial date in this case. The defendant had been released on his

own recognizance in this case on April 3, 2000. The State argued that since the defendant was

released from custody in New York ten days prior to his failing to appear for trial on the

scheduled date of June 26, 2000, it had no basis to place a detainer on the defendant while he

was in custody in New York because he did not fail to appear in this case until ten days after he

had been released in New York, at which time a warrant was issued for his failure to appear.

The failure to appear warrant issued on June 26, 2000, was served on the defendant on

December 31, 2009. At the conclusion of the hearing, the Court ruled that the periods of time

from June 26, 2000, until December 31, 2009, and January 15, 2010, until April 27, 2010, were

excluded from speedy trial computation, and made docket entries to that effect. The Court

concluded that after excluding those periods, two hundred seventeen days of the time permitted

to try the defendant had elapsed, and one hundred forty-eight days remained for speedy trial

purposes. The Court agreed with the State's position that there was no basis upon which to

place a detainer against the defendant with New York Authorities prior to the issuance of the

failure to appear warrant, and that the defendant's failure to appear for trial on June 26, 2000,

was of his own volition since he was not incarcerated at that time. The defendant filed a

petition for a writ of prohibition based on the Court's ruling. The Supreme Court of Arkansas

denied the defendant's petition without prejudice on August 6, 2010, by a formal order entered

in <u>Antonio Dotson vs. Honorable Herbert T. Wright, Jr., Circuit Judge</u>, S. Ct. case CR 10-679.

The provisions of the Interstate Agreement on Detainers (I.A.D.) were not applicable to

the defendant as there was never a detainer placed on him. Defendant's counsel argued to the

Court at the hearing held April 27, 2010, that the I.A.D. required the State to place a detainer against the defendant while he was in custody in New York. This argument was made in the context of a speedy trial violation alleged by the defendant. Counsel argued that the defendant's letter to the Court in May of 2000 requesting a delay in the trial should have begun the running of the time for trial of the defendant, and therefore to try him in 2010, following his arrest in Tennessee on the failure to appear warrant issued June 26, 2000, was a violation of his right to a speedy trial. The Court disagreed, as stated above, and ruled against the defendant. The defendant could have raised this issue on a direct appeal if he had gone to trial in this matter and been convicted, but by entering a negotiated plea of guilty he waived the opportunity to do so. The plea statement executed by the defendant reflects that he was advised that if he chose to enter pleas of guilty, he would be waiving his right to appeal. The defendant was clearly aware of this issue as he filed a pro se motion making arguments based on this issue on December 28, 2010, which was dismissed on January 12, 2011, as being improperly filed since he was represented by counsel and had waived his right to represent himself and file pro se pleadings. Defendant's counsel was not ineffective for failing to argue a violation of the I.A.D., because he did in fact do so, although in the context of a speedy trial violation. As stated above, the I.A.D. was not applicable to this case, and this allegation is without merit.

2. His first attorney, James Clouette, was ineffective for failing to request reconsideration of the order of the Arkansas Supreme Court denying his petition for a writ of prohibition. The defendant has not presented any legal basis upon which his attorney could, or should have requested reconsideration of the order. This allegation is without merit.

3. His second attorney, Jack Kearney, was ineffective for failing to adopt any of the defendant's pro se motions, or file any motions in his behalf. The defendant specifically cites the issues of speedy trial and the "Uniform Mandatory Disposition of Detainer Acts." As stated

3

previously, the Court found that speedy trial had not been violated in this case and that the

I.A.D. was not applicable.  The defendant has not provided any legal basis upon which Kearney

could have re-argued motions which had already been ruled on by the Court.  This allegation

does not demonstrate ineffective assistance of counsel.

4.  His rights to due process and equal protection of the law "were violated with an

illegal sentence imposed by the circuit court."  This is a bare allegation with no factual

substantiation.

5.  He was denied his right to appeal.  The defendant alleges the Supreme Court of

Arkansas "refused and denied him access to the courts by not supplying a written finding of

facts in support of their denial of the Writ of Prohibition.  There was no name on the order of

denial, or finding of facts in support of a denial."  The defendant has not cited any law or

procedural rule requiring the actions he contends constitute denial of access to the courts.

The allegations in this petition can be decided from the files and records of the case, and

an evidentiary hearing is not required.

THEREFORE, based on the foregoing findings of fact, the Court concludes as a matter

of law that the instant petition is without merit, and should be and is hereby, ordered denied.

IT IS SO ORDERED.

HERBERT T. WRIGHT, JR. – CIRCUIT JUDGE

DATE

4

C-800-42

**IN THE CIRCUIT COURT OF** *Pulaski* , **COUNTY, ARKANSAS**

*4th* **DIVISION**

Antonio Dotson **PETITIONER**

**VS.** NO. CR *2000-363*

**STATE OF ARKANSAS**

FILED 09/19/11 09:27:42
Larry Crane Pulaski Circuit Clerk
LFO

**NOTICE OF APPEAL**

Notice is hereby given that *Antonio Dotson* , ADC # *149465*, appeals to the Supreme Court of Arkansas from the final Order of the Circuit Court of *Pulaski* , County, entered on *September 9,* 20 *11* .

**APPELLATE JURISDICTION**

The appellate jurisdiction of the Supreme Court or the Court of Appeals is invoked pursuant to Rule 2, Rules of Appellate Procedure – Criminal.

**DESIGNATION OF RECORD**

Petitioner/Appellant hereby designates the entire record, and all proceedings, exhibits, evidence, and documents introduced in evidence to be contained in the record on appeal.

**CERTIFICATE OF ORDER OR TRANSCRIPT**

Petitioner/Appellant states, that for good cause shown, he/she has requested the Circuit Court to cause the Transcript of the Designated Record of Appeal, deemed essential, to be ordered, certified, transmitted to the Clerk of the Supreme Court for filing and docketing. (See attached Petition for Leave to Proceed In Forma Pauperis with supporting affidavit.)

Antonio Dotson
**PETITIONER/APPELLANT**
ADC # *149465*
*PINE Bluff* UNIT
Arkansas Department of Correction
*PIne Bluff* , AR *71603*

60CR-00-363   601-60100031915-028
STATE V ANTONIO LYNN DOTSON  3 Pages
PULASKI CO   09/19/2011 09:27 AM
CIRCUIT COURT   AP22

Filed Mark Copy
REQUESTED

C